UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | DOCKET NO. 3:08-cr-219 |
| ) | |
| vs. ) | |
| ) | |
| EUGENE MARTA LANEY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

TRANSCRIPT OF SUPERVISED RELEASED REVOCATION HEARING
BEFORE THE HONORABLE ROBERT J. CONRAD, JR
UNITED STATES DISTRICT COURT JUDGE
TUESDAY, JANUARY 26, 2021 AT 3:50 P.M.

APPEARANCES:

On Behalf of the Government:

    ERIK AUGUST LINDAHL, ESQ.,
    Assistant United States Attorney
    227 West Trade Street, Suite 1700
    Charlotte, North Carolina 28202

On Behalf of the Defendant:

    COREY CHRISTOPHER McMANUS, ESQ.,
    309 Lancaster Avenue
    Monroe North Carolina 28112

LAURA ANDERSEN, RMR
Court Reporter
PO Box 23343
Charlotte, North Carolina 28227

P R O C E E D I N G S

THE COURT: Mr. McManus, when you're ready just let me know.

MR. McMANUS: Yes, sir.

Your Honor, we're ready to proceed.

THE COURT: All right. We are here in the matter of United States V. Eugene Marta Laney on a petition to revoke supervised release in which the government is alleging five different violations of the conditions of supervised release; two in the petition, and three in the addendum.

Mr. McManus, are these violations contested?

MR. McMANUS: Your Honor, we are admitting to the first two violations. And from my understanding, the government will be dismissing Violations Three, Four, and Five that appeared on the addendum.

MR. LINDAHL: That's correct, Your Honor.

THE COURT: Very well. Then based upon the admissions to One and Two, and the information contained in the petition, the Court will find that those violations have been established.

Mr. McManus, in light of that finding, the Court is glad to hear from you on what it should do.

MR. McMANUS: Yes, Your Honor.

There is an agreement between the defendant and the government in this matter. The agreement that was

1  contemplated for the Court, this is a Grade A violation, and
2  Mr. Laney's guideline range is 30 to 37 months.  The agreement
3  would be the top end of the guideline range of 37 months,
4  followed by an additional 24 months of supervised release.
5       The government has allowed me to say on the record
6  that if Mr. Laney does complete that first 18 months
7  successfully, and he is in compliance with all the terms, and
8  there is no objection from his probation officer, that they
9  would not be in objection to an early termination at that
10 time.  They allowed me to put that on the record.
11      Along with this agreement, Your Honor, there are
12 some charges in Mecklenburg County court that the district
13 attorney's office is dismissing.  There were some drug charges
14 that Mr. Laney was charged with due to the conduct that led to
15 this violation being filed.  And the government has also
16 informed me that they will not be seeking a federal indictment
17 based on the conduct of this supervised release violation
18 being filed.
19      Right now Mr. Laney is a resident of Charlotte,
20 North Carolina.  He actually did fairly well on supervised
21 release, Your Honor.  He was on supervised release -- this
22 period commenced June 3, 2017, and he was arrested around
23 March 13, 2020.  So he completed roughly 33 months on
24 supervised release before that happened.
25      His wife has been in contact with me and has been

1 very supportive in this matter.  When he was first put on
2 supervised release he was actually staying with his wife, and
3 I think that was in the Eastern District, and his supervision
4 went well.
5     Your Honor, he came here to Charlotte and things
6 didn't go as well.  His wife actually told me, if he would
7 still have been home this probably wouldn't have happened.
8 She is willing to let him come back home.  So the plan is to
9 do the active portion and then have the supervised release
10 transferred.  I think that she is in the Middle District now.
11 He will try to have the supervised release transferred there,
12 but I do think that he would do well.
13     Your Honor, we're asking the Court to accept the
14 agreement between the government and Mr. Laney in this matter.
15     THE COURT:  Thank you.
16     Mr. Laney, you don't have to say anything but if
17 there is anything you wish to say I'll be glad to hear from
18 you.
19     THE DEFENDANT:  No, sir.
20     THE COURT:  Mr. Lindahl.
21     MR. LINDAHL:  Your Honor, the defense has accurately
22 captured the joint agreement in this case.
23     Your Honor, there's a lot of heroin found in the
24 child's bedroom.  The government believes this is an
25 appropriate disposition.  We're asking the Court to accept the

1 agreement.

2 THE COURT: Thank you.

3 Mr. Laney, if you would please stand.

4 I have found that allegation one and two have been
5 established. I'm going to revoke supervised release, order a
6 term of 37 months imprisonment to be followed by an additional
7 term of supervised release of 18 months. The parties
8 indicated a joint recommendation of 24 months with the
9 possibility of an 18-month early termination. Receiving that
10 recommendation but applying it slightly differently, if
11 Mr. Laney complies with the conditions of supervised release
12 in 18 months it's over. If you don't comply with it there
13 will be the ability of the Court to extend it.

14 And so, 37-month sentence, 18 months to follow a
15 second term of supervised release. That's the decision of the
16 Court. I believe that is sufficient but not greater than
17 necessary to accomplish the sentencing purposes made
18 applicable to supervised release hearings.

19 You can appeal that decision. Any notice of appeal
20 must be filed within 14 days from the entry of judgment. If
21 you are unable to pay the cost of an appeal, you may apply for
22 leave to appeal with no cost to you. If you request, the
23 Clerk of Court will prepare and file a notice of appeal on
24 your behalf.

25 I recommend that you talk to Mr. McManus about your

1  appeal rights, but do you understand them as I just explained
2  them?
3          THE DEFENDANT: (Nodding head affirmatively.)
4          THE COURT: Anything further from either side?
5          MR. McMANUS: No. Thank you, Your Honor.
6          MR. LINDAHL: Your Honor, Probation Riley has a
7  matter related to property seized.
8          PROBATION OFFICER: Your Honor, we did a warrantless
9  search in March. We seized a cell phone. As part of our
10 evidence disposition, I just need to get that over to the
11 correct party. Can I give you this form?
12         THE COURT: You can.
13         PROBATION OFFICER: I'll have it turned over to
14 Mr. McManus and returned to the family. We're fine with that.
15         THE COURT: Very well. This matter is concluded.
16 Mr. McManus is remanded at this time.
17         (The matter is concluded at 3:58 p.m.)
18                    * * * * * *
19
20
21
22
23
24
25

## REPORTER'S CERTIFICATE

I, LAURA ANDERSEN, RMR, certify that I was authorized to and did stenographically report the foregoing proceedings and that the transcript is a true and complete record of my stenographic notes to the best of my ability.

Dated this the 9th day of February, 2022.

S/Laura Andersen
LAURA ANDERSEN, RMR
Registered Merit Reporter